■ In the Matter of the Claim of HOWARD G. MARLITT, Respondent, v. ARMOUR & COMPANY, BLEYL DIVISION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— MEMORANDUM BY THE COURT. There was substantial evidence supportive of the award of reduced earnings for disability due to dermatitis, pursuant to the statutory provisions defining disability as "the state of being disabled from earning full wages *at the work at which the employee was last employed"* and authorizing "compensation * * * for the duration of [the] disablement" (italics supplied). (Workmen's Compensation Law, §§ 37, 39; *Matter of Andrias* v. *Ryan-Turecamo,* 12 A D 2d 534, mot. for lv. to app. den. 9 N Y 2d 609.) The contention that the loss of wages was not due to his disability, but was due to economic conditions and to a general layoff, could have been properly rejected on this record. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

■ HOWARD A. LA ROSE, Respondent, v. FRED GEFFEN, Doing Business as BALMORAL HOTEL, Appellant.— MEMORANDUM BY THE COURT. Appellant concedes that plaintiff "was entitled to recover some amount for the reasonable value of the services rendered" but contends that the proof "was insufficient to enable the Court, as a matter of law, to fix and determine the reasonable value of the services rendered." We find, on the contrary, that the documentary proof and the lay and expert testimony adduced by plaintiff were both credible and convincing and ample to sustain the trial court's careful analysis and resulting determination. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.